MICHAEL J. REDENBURG, ESQ. PC
Michael Redenburg, Esq. (NY #MR4662)
150 Broadway, Suite 808
New York, NY 10038
Telephone: (212) 240-9465
Facsimile: (917) 591-1667

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **WAVERLY GRIFFIN,** | |
| Plaintiff, | **Amended Complaint** |
| v. | **JURY TRIAL DEMANDED** |
| **THE CITY OF NEW YORK, Police Officer JOHN MC HUGH (Tax#948163, Shield #30542) AND Police Officer JAVIER APONTE (Tax#937991, Shield #1102) individually and in their official capacities,** | **Civ. No.: 12-CV-3130 (WFK-RER)** |
| Defendants. | |

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of Plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §1331 and §1343.

4. Venue is proper in the district pursuant to 28 U.S.C. §§1391 (b) and (c).

## JURY DEMAND

5.  Plaintiff demands a trial by jury in this action.

## PARTIES

6.  Plaintiff Waverly Griffin ("Plaintiff" or "Mr. Griffin") is a resident of Kings County in the City and State of New York.

7.  Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD a department or agency of the defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendant herein.

8.  Defendant Police Officer John Mc Hugh is a member of the New York City Police Department ("NYPD") who was employed by the NYPD on March 13, 2012. Defendant John Mc Hugh was acting under color of state law in his capacity of an agent, servant and employee of defendant City of New York and the NYPD. Defendant John Mc Hugh is sued in both his individual and official capacity.

9.  Defendant Police Officer Javier Aponte is a member of the New York City Police Department ("NYPD") who was employed by the NYPD on March 13, 2012. Defendant Javier Aponte was acting under color of state law in his capacity of an agent, servant and employee of defendant City of New York and the NYPD. Defendant Javier Aponte is sued in both his individual and official capacity.

## STATEMENT OF FACTS

10. The Plaintiff, Waverly Griffin, is a 31 year old man who resides in the Boulevard Houses, County of Kings, City and State of New York.

11. In the early afternoon of March 13, 2012, Plaintiff was lawfully present in the lobby of the building where he resides, located at 807 Schenck Avenue, Brooklyn, NY 11207. Plaintiff entered an elevator and went on his way to visit a friend within the aforementioned housing development.

12. As Plaintiff entered the elevator, another unknown individual, as well as Officer John Mc Hugh also entered the elevator. Plaintiff had pressed floor #7, and the unknown individual pressed floor #3.

13. Upon arriving at floor #3, the unknown individual exited the elevator. Officer Mc Hugh then ordered Plaintiff to exit the elevator as well on floor #3 and Plaintiff complied with Officer Mc Hugh's orders.

14. Officer Mc Hugh then proceeded to "pat down" and "frisk" Plaintiff, although Plaintiff had done nothing wrong; nor had Officer Mc Hugh any reasonable suspicion that criminal activity had been, or was about to be committed by Plaintiff.

15. After Officer Mc Hugh's frisk of Plaintiff failed to produce any contraband, Officer Mc Hugh radioed for the assistance of other officers; and Officer Javier Aponte responded to the call, and arrived at the scene.

16. Thereafter, Officer Javier Aponte subjected Plaintiff to a pat down and frisk. However, Officer Javier Aponte's frisk of Plaintiff failed to produce any contraband either.

17. Despite the fact that Plaintiff had done nothing wrong; despite the fact that Plaintiff had no contraband on his person; and despite the fact that the defendants had no probable cause to arrest the Plaintiff, defendants placed the Plaintiff in handcuffs and falsely arrested Plaintiff anyway.

18. The defendants did not advise Plaintiff as to why they were arresting him.

3

19. Defendants knew that Plaintiff had done absolutely nothing wrong and had not engaged in any illegal or criminal activity, but falsely arrested Plaintiff anyway. The defendants never observed Plaintiff engage in any illegal activity to justify his detainer, frisk or arrest.

20. Plaintiff remained at the 75th Precinct for approximately eight hours before being taken to Brooklyn Central Booking.

21. Defendants falsely informed employees of the Kings County District Attorney's Office that Plaintiff engaged in illegal activity warranting his arrest and fabricated police paperwork, including an arrest report to that effect.

22. After spending approximately 16 hours in Brooklyn Central Booking, Mr. Griffin was released without seeing a judge.

23. Plaintiff was denied his liberty for at least 24 hours.

24. The Kings County District Attorney's Office declined to prosecute Mr. Norris for the mendacious charges brought against him.

25. Plaintiff suffered damages as a result of defendant's actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation and damage to his reputation.


## FIRST CLAIM
### *FALSE ARREST*

26. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

27. Defendants violated the Fourth and Fourteenth Amendments because they arrested Plaintiff without probable cause.

28. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### *Unlawful Stop and Search*

29. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

30. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiff without reasonable suspicion.

31. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### *FAILURE TO INTERVENE*

32. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33. Defendants had a reasonable opportunity to prevent the violations of Plaintiff's constitutional rights, but they failed to intervene.

34. Accordingly, each defendant is liable to the Plaintiff under the Constitution for not intervening to prevent the violation of his rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

a.  Compensatory damages against all defendants, jointly and severally;

b.  Punitive damages in an amount to be determined by a jury;

c.  Reasonable attorneys' fees and costs pursuant to 28 U.S.C. §1988; and

d.  Such other relief as this Court shall deem just and proper.


Dated: September 18, 2012
       New York, NY

                                    s/ Michael J. Redenburg
                                    Michael J. Redenburg (NY #MR4662)
                                    MICHAEL J. REDENBURG, ESQ. PC
                                    150 Broadway, Suite 808
                                    New York, NY 10038
                                    mredenburg@mjrlaw-ny.com
                                    1-212-240-9465 (Phone)
                                    1-917-591-1667 (Fax)